John Sheldrake, Inc., Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

302

Argued April 10, 1985, before President Judge CRUMLISH, JR., and Judges ROGERS, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Ronald N. Agulnick,* with him, *Joseph G. Riper* and *Cathy Wilson Huzzard, Pitt, Agulnick, Supplee, Johnson & Slade,* for petitioner.

*Mark C. Morrow,* Assistant Counsel, with him, *Louise A. Knight,* Deputy Chief Counsel, *Robert P.*

*Meehan,* Assistant Counsel, and *Charles F. Hoffman,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, June 27, 1985:

John Sheldrake, Inc. (petitioner) appeals an order of the Pennsylvania Public Utility Commission (PUC) denying its petition for an exemption from 52 Pa. Code §59.62(h), which reads as follows: "No jurisdictional gas utility shall supply natural gas for use in outdoor lighting except to residential customers; in the case of municipal outdoor lighting fixtures, such supply shall be terminated January 1, 1982."

Petitioner owns and operates the Sheldrake Arms Apartment Complex whereon eight natural gas lights are located. On February 9, 1982, petitioner filed a petition with the PUC seeking an exemption from the outdoor gas light ban. The PUC denied the petition for exemption on March 12, 1982, and on March 25, 1982, petitioner filed a Petition for Review with this Court and a Petition for Reconsideration with the PUC. On April 2, 1982, the PUC granted the Petition for Reconsideration and the appeal to this Court was stricken on praecipe of petitioner.[1]

---

[1] The appeal to this Court was stricken on praecipe of petitioner pursuant to Pa. R.A.P. 1701(b)(3) which provides in relevant part:

(b) Authority of the trial court or agency after appeal.
After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

. . .

(3) Grant reconsideration of the order which is the subject of the appeal or petition . . . .

. . .

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for review of a quasijudicial order theretofore or thereafter filed or docketed with respect to the prior order, and the clerk of any court in which such an inoperative

A hearing was held on August 31, 1982, before an administrative law judge (ALJ) based on a revised petition for exemption.[2] The ALJ issued a decision on August 29, 1983, recommending that the petition for exemption be granted. On September 12, 1983, the PUC Trial Staff filed Exceptions to this decision, and on September 21, 1983, petitioner filed Reply Exceptions. The ALJ denied the majority of the exceptions, and his decision remained unaltered.

On October 19, 1983, the PUC exercised its right to review the ALJ's decision. The PUC entered an order dated May 16, 1984, reversing the ALJ's decision on the ground that petitioner had not established substantive evidence that conversion of his outdoor lighting will be unduly burdensome;[3] therefore, petitioner's petition for exemption was denied. This appeal followed.

Petitioner claims that he is exempted by 52 Pa. Code §59.62(h)(4) which provides:

> Exemption from the ban imposed in this subsection may be granted by the commission upon the petition of any municipality or any commercial customer receiving service to outdoor gas lighting which provides the equivalent of

---

notice or petition is filed or docketed shall upon praecipe of any party note on the docket that such notice or petition has been stricken under this rule. . . .

[2] Petitioner and PUC Trial Staff each produced two witnesses on their behalf. The record consisted of 166 pages of transcript and eighteen exhibits. Of these exhibits, two were jointly sponsored; ten were sponsored by petitioner; and six were sponsored by the PUC Trial Staff.

[3] When seeking an exemption, petitioner has the burden of satisfying two criteria. First, petitioner must show the gas lights must be necessary to protect persons or property and second, conversion or replacement of the gas lights must be unduly burdensome to petitioner. The PUC found that petitioner satisfied the first criterion but did not satisfy the second.

municipal lighting, upon a showing that the affected fixtures are necessary to protect the safety of persons or property and that their elimination, conversion, or replacement would be unduly burdensome.

In addition, petitioner claims that the regulation banning the sale of natural gas for use in commercial outdoor lights, 52 Pa. Code §59.62(h), violates the due process and equal protection provisions of the United States Constitution.

Petitioner argues that the regulation makes an unreasonable distinction between commercial and residential outdoor lights, and that this distinction is not rationally related to the conservation of natural gas. A regulation cannot be held to violate either the due process or equal protection provisions in the Federal Constitution if any set of facts reasonably may be conceived to justify the regulation. *Atlanta Gas Light Co. v. United States Department of Energy,* 666 F.2d 1359 (11th Cir. 1982), *cert. denied,* 459 U.S. 836 (1982); *Richardson v. Belcher,* 404 U.S. 78 (1971); *Dandridge v. Williams,* 397 U.S. 471 (1970).

This regulation is justified in that it serves the purpose of curtailing the use of natural gas, which in turn leads to the conservation of this finite natural resource. Therefore, petitioner's constitutional rights were not violated.

Petitioner further argues that the PUC order not granting an exemption under 52 Pa. Code §59.62(h)(4) was not supported by substantial evidence.

When this Court is called upon to review a decision of the PUC, our scope of review is restricted to determining whether constitutional rights have been violated, an error of law committed, or whether any necessary finding of fact is not supported by substantial evidence. *Makovsky Bros., Inc. v. Pennsylvania*

*Public Utility Commission,* 55 Pa. Commonwealth Ct. 435, 423 A.2d 1089 (1980).

Petitioner maintains that converting the eight natural gas lights located at the Sheldrake Arms Apartment would be unduly burdensome for him.

The PUC Trial Staff and the petitioner stipulated, in pertinent part, that:

1. Petitioner would incur costs of $7,800 in converting from outdoor gas lighting to outdoor electric lighting;

2. [T]he total cost of financing $7,800 over a sixty (60) month term would be approximately $11,970.60 based on a fixed interest rate of 18 1/4%;

3. [T]he eight (8) existing outdoor gas lights at Petitioner's apartment complex consume approximately 35.1 mcf/month, at a present annualized cost of approximately $3,426.24; and

4. [I]n the event each of the gas lights were converted to electric lighting consisting of four sixty watt bulbs, it is anticipated that such lighting would consume 700.4 kwh/month at a present annualized cost of $811.76.

Based on these stipulations, the PUC came to the conclusion that petitioner would incur annual simple energy savings of $2,614.48 and annual simple savings of $220.36.[4] In addition, petitioner would be paying $2,394.12 annually for the $11,970.60 loan over a five-year period.

Assuming arguendo that petitioner would not realize any annual simple savings until the end of the

---

[4] The PUC calculated the simple energy savings by subtracting the annual cost of electricity, $811.76, from the annual cost of gas, $3,426.24, to come to a figure of $2,614.48. The simple savings figure was reached by subtracting the annual cost of the $11,970.60 loan (over a sixty-month period) which is $2,394.12 from the simple energy savings, $2,614.48, to come to a figure of $220.36.

five-year period, this would not place an undue burden on petitioner since a five-year period is a relatively short period and the savings realized at the end of this period will be well over $2,000.00 a year. In addition, we must note that the Sheldrake Arms Apartment Complex is a large complex consisting of fifty-seven (57) units situated on a three acre area. Surely, a complex of this magnitude could generate enough income to assist petitioner in paying the costs of conversion.

The PUC's finding that petitioner has not established substantive evidence that the conversion of his outdoor gas lights will be unduly burdensome was supported by substantial evidence. Therefore, we must affirm.

### ORDER

AND Now, this 27th day of June, 1985, the order of the Pennsylvania Public Utility Commission at No. P-820346, dated May 16, 1984, is hereby affirmed.